UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH O'SHEA, ET AL.,**<br>  **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-750** |
| **OCEAN HARBOR CASUALTY**<br>**INSURANCE COMPANY,**<br>  **Defendant** | **SECTION: "E" (3)** |

## ORDER

On March 7, 2025, Joseph and Deborah O'Shea ("Plaintiffs") filed a Petition for Damages in the 24th Judicial District Court, alleging that Ocean Harbor Casualty Insurance Company ("Defendant") failed to timely remit settlement proceeds in violation of La. R.S. § 22:1892.[1] The case was removed to this Court on April 16, 2025.[2]

On May 22, 2025, Defendant filed an answer and a counterclaim for breach of contract.[3] On June 13, 2025, Plaintiffs filed a Rule 12(b)(6) motion to dismiss Defendant's counterclaim for breach of contract.[4] In response, Defendant requested leave to amend its answer and counterclaim.[5] On July 7, 2025, the Court granted Defendant leave to amend its answer and counterclaim.[6] On June 14, 2025, Defendant filed its First Amended and Supplemental Answer and Counterclaim. As a result, the Court denied Plaintiffs' first motion to dismiss. Plaintiffs subsequently filed the second motion to dismiss presently before the Court.

In its First Amended and Supplemental Answer and Counterclaim, Defendant

---

[1] R. Doc. 1.
[2] *Id.*
[3] R. Doc. 9.
[4] R. Doc. 11.
[5] R. Doc. 12.
[6] R. Doc. 14.

1

brings four counterclaims against Plaintiffs. First, Defendant brings a breach of contract claim, alleging that "Plaintiffs materially breached the Agreement by (a) failing to execute the final formal settlement documents as previously approved in writing on November 5, 2024, and by subsequently disavowing their prior consent despite having accepted performance under the approved terms; (b) initiating new litigation based on resolved claims despite having received the agreed-upon monetary benefits under the contract; and (c) disclosing confidential settlement terms and communications, including the amount in settlement, absent a court order compelling Plaintiffs to disclose said confidential information."[7] Second, Defendant brings an unjust enrichment claim, alleging Plaintiffs accepted and retained the full benefit of the settlement funds yet continue to seek additional penalties and attorneys' fees based on claims barred by the settlement agreement.[8] Third, Defendant alleges it reasonably relied on Plaintiffs' acceptance of the settlement amount without any protest or objection, thereby estopping Plaintiffs from asserting claims inconsistent with the acceptance of the amount.[9] Fourth, Defendant brings a claim for breach of confidentiality, alleging "Plaintiffs publicly disclosed the confidential settlement amount and quoted attorney-to-attorney communications,"[10] in public records by filing the instant suit.

On August 4, 2025, Plaintiffs filed a Rule 12(b)(6) motion to dismiss Defendant's counterclaims.[11] First, Plaintiffs argue that Defendant's breach of contract counterclaim

---

[7] R. Doc. 15 at p. 23.
[8] *Id.* at pp. 24-25. Defendant also brings further claims in the alternative for unjust enrichment. *Id.* at pp. 24-26. Defendant alleges that permitting Plaintiffs to recover additional amounts after receipt of the settlement amount would result in an inequitable double recovery. *Id.* at p. 25.
[9] *Id.* at p. 27. Defendant also alleges that "Plaintiffs' conduct—including written acceptance, retention of funds without protest, failure to assert a reservation of rights at the time of performance, and affirmative acts consistent with ratification—constitutes a waiver of any claim that the settlement was untimely or invalid." *Id.*
[10] *Id.* at p. 29.
[11] R. Doc. 18.

misrepresents the terms of the October 29, 2024 settlement agreement, seemingly positing that the counterclaim has no basis in fact.[12] Second, Plaintiffs contend that Defendant's unjust enrichment and double recovery claim is meritless because it conflates two separate matters: the original Hurricane Ida settlement and a new claim based on Defendant's delayed payment.[13] Third, Plaintiffs argue that Defendant's waiver and estoppel claim fails because they never intentionally relinquished any rights.[14] Finally, Plaintiffs argue that the breach of confidentiality claim is baseless because the October 29, 2024 settlement agreement did not include any confidentiality provisions.[15]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[16] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[19] Indeed, "threadbare recitals

---

[12] *Id.* at pp. 5-9.
[13] *Id.* at pp. 9-12.
[14] *Id.* at pp. 12-13.
[15] *Id.* at pp. 12-15.
[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[18] *Id.*
[19] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[20] However, in assessing the complaint, the Court must accept all well-pleaded factual allegations as true and must liberally construe all such allegations in the light most favorable to the plaintiff.[21]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[22] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[23] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[25] However, "[m]otions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'"[26] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[27] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . ."[28]

---

[20] *Iqbal*, 556 U.S. at 678 (citations omitted).
[21] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).
[22] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[23] *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.
[24] *Iqbal*, 556 U.S. at 679.
[25] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).
[26] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).
[27] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).
[28] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).

When considering a Rule 12(b)(6) motion to dismiss, the Court is generally limited to reviewing (1) the facts set forth in the complaint, (2) documents attached to the compliant, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.[29] However, "[t]he Court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a [parties] claims."[30]

## LAW AND ANALYSIS

### I. Defendant's counterclaim for Breach of Contract is sufficiently pleaded and will not be dismissed.

Defendant brings a counterclaim asserting Plaintiffs breached a contract between the parties, namely a settlement agreement, known in Louisiana law as a compromise. The Court begins by determining whether Defendant has sufficiently alleged the existence of an enforceable compromise with Plaintiffs. Louisiana Civil Code article 3071 defines a compromise as "a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."[31]

Defendant alleges that it entered into a binding settlement agreement with Plaintiffs, who accepted its terms in return for an agreed-upon amount, received the settlement funds, and thereafter breached the agreement by initiating this lawsuit and disclosing confidential settlement terms in public filings.[32] These allegations are sufficient at the motion-to-dismiss stage to establish that a binding compromise was entered

---

[29] *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 726 (5th Cir. 2018).
[30] *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014.).
[31] La. Civ. Code art. 3071.
[32] R. Doc. 15 at p. 19; R. Doc. 19 at p. 12.

5

between the parties. Next, the Court determines whether Defendant has sufficiently alleged that Plaintiffs breached the alleged binding compromise.

Defendant alleges that "Plaintiffs materially breached the Agreement by (a) failing to execute the final formal settlement documents as previously approved in writing on November 5, 2024, and by subsequently disavowing their prior consent despite having accepted performance under the approved terms; (b) initiating new litigation based on resolved claims despite having received the agreed-upon monetary benefits under the contract; and (c) disclosing confidential settlement terms and communications, including the amount in settlement, absent a court order compelling Plaintiffs to disclose said confidential information."[33] To determine whether the alleged conduct constitutes a breach of the agreement, the Court will consider the terms of the agreement, attached to Defendant's opposition.[34] The Court properly considers the settlement agreement as it is referred to in the pleadings and is central to the claim.[35]

When interpreting a compromise agreement in federal court based on claims arising out of state law, the Court applies state law principles of contractual interpretation to interpret the release of Plaintiffs' state law claims.[36] Under Louisiana law, "[a] compromise is a written contract that 'must be interpreted according to the parties' true intent [and] is governed by the same general rules of construction applicable to contracts.'"[37] Louisiana Civil Code article 2046 provides that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further

---

[33] R. Doc. 15 at p. 23.
[34] R. Doc. 19-7.
[35] *See generally* R. Doc. 15.
[36] *Smith v. Amedisys Inc.*, 298 F.3d 434, 443-44 (5th Cir. 2002).
[37] *Smith*, 298 F.3d at 444 (quoting *Brown v. Drillers, Inc.*, 630 So.2d 741, 747 n. 8 (La. 1994)).

interpretation may be made in search of the parties' intent."[38] Louisiana Civil Code article 3076 further provides that "[a] compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express."

As relevant to releasing their causes of action, the settlement agreement states that "Plaintiffs . . . release and forever discharge Ocean Harbor Casualty Insurance Company . . . of and from any and all rights . . . or causes of action of whatever nature which they now have, or which they . . . may thereafter acquire, for the aforementioned claims, including but not limited to those for mental anguish, penalties, litigation costs and any claim for penalties and/or [attorneys'] fees . . . that were brought or could have been brought prior to October 29, 2024."[39] As to confidentiality, the settlement agreement states that "Plaintiffs . . . agree that they . . . shall keep and maintain the terms of this Agreement, including but not limited to the amount of any sums received through compromise, confidential, and shall not disclose any terms of this Agreement to any third persons, unless required to do by the current Case management Order or by any other Order of a court."[40]

The terms of the agreement are clear and explicit, and Defendant's allegations that Plaintiffs breached the agreement by failing to execute the final agreement, initiating new litigation based on released claims, and disclosing confidential settlement terms—when considered in conjunction with the Agreement's terms—would entitle the Defendant to relief on its breach of contract claim.

---

[38] *Brown*, 630 So.2d at 748.
[39] R. Doc. 19-7 at p. 2.
[40] *Id.* at p. 4.

> **II.    Defendant's claim for unjust enrichment will be dismissed as Defendants failed to sufficiently allege that there is no other remedy at law available.**

Defendant brings, in the alternative to its breach of contract claim, a claim for unjust enrichment, asserting Plaintiffs were unjustly enriched by accepting settlement funds in return for releasing claims and nonetheless thereafter initiating this action against Defendant.[41]

To state a claim for unjust enrichment under Louisiana Civil Code article 2298,[42] a party must allege five elements: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of "justification" or "cause" for the enrichment and impoverishment; and (5) there must be no other remedy at law available.[43] "The Louisiana Supreme Court has observed that '[t]he mere fact that a [party] does not successfully pursue another available remedy does not give the [party] the right to recover under the theory of unjust enrichment.'"[44] "This is because [t]he unjust enrichment remedy is *only* applicable to fill a gap in the law where no express remedy is provided."[45] As the Louisiana Supreme Court explained in *Carriere v. Bank of Louisiana*, "[t]he existence of a 'remedy' which precludes the application of unjust enrichment does not connote the ability to recoup [the] impoverishment by bringing an action . . . [i]t merely connotes the ability to bring the action or seek the remedy."[46] In other words, "[i]t is not the success or failure of the other causes of action,

---

[41] R. Doc. 15 at pp. 24-26.
[42] LA. CIV. CODE art. 2298.
[43] *See JP Mack Indus. LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 520-21 (E.D. La. 2013) (citing *Carriere v. Bank of La.*, 95-3058 (La. 12/13/96), 702 So. 2d 648).
[44] *Id.* at 521 (alteration in original) (citing *Walters v. MedSouth Record Mgmt., LLC*, 10-0351 (La. 6/4/10), 38 So. 3d 241, 242 (La. 2010) (per curiam)).
[45] *Perez v. Utility Constructors, Inc.*, 2016 WL 5930877, at *1 (E.D. La. Oct. 12, 2016) (emphasis added) (internal citations and quotations omitted).
[46] 702 So. 2d at 673.

8

but rather the *existence* of other cause of action, that determines whether unjust enrichment can be applied."[47]

The Court has already determined that Defendant has sufficiently alleged a cause of action for breach of contract. This determination is fatal to Defendant's unjust enrichment claim because the existence of another remedy precludes recovery under an unjust enrichment theory. Nowhere in Defendant's allegations does it allege that it has no remedy available elsewhere. Therefore, Defendant failed to allege a necessary element of this claim. As a result, Defendant has not set forth allegations that would entitle it to relief on its claim for unjust enrichment.

### III. Defendant's Counterclaim of Waiver and Estoppel are affirmative defenses and not a cause of action.

Defendant ostensibly brings a claim for waiver and estoppel against Plaintiffs, alleging that Plaintiffs' acceptance of the settlement funds waived their right to seek statutory penalties and attorneys' fees or, alternatively, Plaintiffs should be estopped from bringing their claims as Defendant reasonably relied to its detriment on Plaintiffs' acceptance of the settlement funds.

The Court notes that these "claims" are, in fact, affirmative defenses. When sitting in diversity, as in this case, a "district court uses the substantive law of the state to determine whether a particular defense is affirmative."[48] Louisiana Code of Civil Procedure article 1005 contains an illustrative list of affirmative defenses: "The answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of

---

[47] *Zaveri v. Condor Petroleum Corp.*, 27 F. Supp. 3d 695, 702 (W.D. La. 2014) (emphasis added) (citing *Garber v. Badon & Rainer*, 07-1497 (La. App. 3 Cir. 4/2/08), 981 So. 2d 92, 100, *writ denied*, 08-1154 (La. 9/19/08), 992 So. 2d 943).
[48] *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 399 (5th Cir. 2014).

consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense."[49] The Fifth Circuit has held that whether a defense is affirmative requires "a fact-specific inquiry, dependent on the circumstances of the case."[50] "An affirmative defense 'raises a new matter, which assuming the allegations in the petition are true, constitutes a defense to the action.'"[51]

Estoppel is plainly an affirmative defense, as it is expressly included in the illustrative list set forth in article 1005. Although waiver is not explicitly listed, the Court finds that waiver likewise constitutes an affirmative defense because it involves the "extinguishment of the obligation."[52]

The Court notes that affirmative defenses "are generally not the proper subject of Rule 12(b)(6) motions." Rather, the "proper procedural vehicle for assertion of [an] affirmative defense . . . is by way of a properly supported motion for summary judgment."[53] This makes sense as determinations of the sufficiency of affirmative defenses constitutes a "fact-specific inquiry, dependent on the circumstances of the case."[54] Accordingly, at the motion-to-dismiss stage, the Court will not analyze the sufficiency of Defendant's affirmative defenses. If necessary, the sufficiency of any affirmative defense will be addressed at a later stage of this action.

---

[49] LA. CODE OF C. P. art. 1005.
[50] *LSREF2*, 751 F.3d at 399.
[51] *Id.* (quoting *Bienvenu v. Allstate Ins. Co.*, 819 So.2d 1077, 1080 (La. Ct. App. 2002)).
[52] LA. CODE OF CIV. P. art. 1005.
[53] *Thibodeaux v. Prudential Ins. Co. of America*, 2008 WL 5397236, at *1 (W.D. La. 2008).
[54] *LSREF2*, 751 F.3d at 399.

### IV. Defendant's breach of confidentiality claim is duplicative of its Counterclaim I for breach of contract and will not be dismissed.

Defendant brings a cause of action for breach of confidentiality, alleging "Plaintiffs publicly disclosed the confidential settlement amount and quoted attorney-to-attorney communications,"[55] in public records. The Court notes that this claim appears duplicative of Defendant's breach of contract claim in Counterclaim I. The Court already has determined that Defendant has sufficiently alleged a breach of contract based on Plaintiffs disclosure of confidential settlement terms.

Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion is **DENIED** as to Defendant's Counterclaim I for breach of contract.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion is **GRANTED** as to Defendant's Counterclaim II for unjust enrichment and double recovery.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion is **DENIED** as to Defendant's Counterclaim IV for breach of confidentiality.

**New Orleans, Louisiana, this 31st day of December, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[55] R. Doc. 15 at p. 29.