UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH O'SHEA, ET AL.,<br>          Plaintiffs | CIVIL ACTION |
| VERSUS | NO.  25-750 |
| OCEAN HARBOR CASUALTY<br>INSURANCE COMPANY,<br>          Defendant | SECTION: "E" (3) |

ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant Ocean Harbor Casualty Insurance Company, seeking summary judgment that it is not liable for statutory penalties, including attorneys' fees, under La. R.S. 22:1892.[1] Joseph and Deborah O'Shea filed an opposition,[2] and Defendant filed a reply.[3]

BACKGROUND

I.    Factual Background

This action arises from an insurance-coverage dispute filed in state court in 2023 concerning property allegedly damaged by Hurricane Ida, specifically Plaintiffs' home.[4] Defendants removed that action to the Eastern District of Louisiana,[5] and while it was pending before this Court, the parties reached a settlement on the amount of the underlying claim.

After the claim for damage to the property had been paid, Plaintiffs filed a new action in state court, claiming that Defendant failed to timely pay the settlement proceeds

---

[1] R. Doc. 30.
[2] R. Doc. 33.
[3] R. Doc. 34.
[4] R. Doc. 1-1 at p. 2.
[5] *Joseph O'Shea, et al. v. Ocean Harbor Casualty Insurance Company*, No. 23-1926 (E.D. La.), R. Doc. 1.

1

and is therefore subject to statutory penalties under La. R.S. § 22:1892.[6] The statute provides for penalties when, after a settlement or compromise is reduced to writing, an insurer is found to have acted arbitrarily, capriciously, or without probable cause in failing to "make the payment," within the statutorily mandated 30-day period, which begins to run once the settlement or compromise is reduced to writing.[7]

On October 28, 2024, counsel for the parties participated in a telephone call during which defense counsel represented that Defendant had authorized acceptance of Plaintiffs' settlement demand for a specified monetary amount.[8] That discussion was memorialized in an email from defense counsel to Plaintiffs' counsel.[9] In the email, defense counsel stated:

> Please allow this to confirm our telephone conversation in which I advised you that Ocean Harbor has authorized me to accept plaintiffs' demand of [redacted settlement amount] in new money in full and final settlement of all claims against Ocean Harbor. Please confirm that there is no lienholder on the property. If there is, please provide the details of same. . . . Finally, please confirm payee information and provide any necessary W-9s. Please note that we do not consider the 30-day period for payment of settlement to [begin] running until we receive the above-requested information as the checks cannot be requested without same.

On October 29, 2024, Plaintiffs' counsel responded, stating "[o]ur clients accept . . . Britt will send you all the check information."[10] That same day, Plaintiffs' counsel's paralegal provided the payee information, confirmed that "[t]here is no mortgage," and supplied the firm's W-9s.[11]

On October 30, 2024, defense counsel emailed a proposed settlement document to Plaintiffs' counsel, stating:

---

[6] R. Doc. 1-1.
[7] La. R.S. § 22:1892(B)(1)(a).
[8] *Compare* R. Doc. 30-1 at p. 1, ¶ 1, *with* R. Doc. 33-1 at p. 1, ¶ 1, p. 2, ¶ 1.
[9] R. Doc. 30-4 at p. 1.
[10] *Id.* at p. 2.
[11] *Id.* at p. 3.

> "Please see attached proposed settlement documents for this matter. Please review same and advise as to any proposed edits or additions. Please also confirm that Plaintiffs were never represented by MMA. If they were, there is additional language we will need to add to the release."[12]

On November 5, 2024, Plaintiffs' counsel's paralegal responded: "The proposed settlement documents for this matter are approved. Plaintiffs were never represented by MMA."[13] On November 19, 2024, Defendant issued four checks representing the total settlement amount.[14] On November 20, 2024, Defendant mailed the checks via certified mail to its own counsel's New Orleans office.[15] The checks were delivered to defense counsel's office on December 3, 2024.[16] That same day, defense counsel notified Plaintiffs' counsel by email that the checks had arrived.[17] Plaintiffs' counsel's office is in the same building as defense counsel's office.[18] Two minutes after receiving the email, Plaintiffs' counsel responded that they would send someone to retrieve the checks.[19] Shortly thereafter, Plaintiffs' counsel collected the checks and executed a document acknowledging receipt of all four settlement checks.[20]

One week later, on December 10, 2024, Plaintiffs' counsel sent a demand letter to Defendant seeking statutory penalties, including attorneys' fees, under La. R.S. § 22:1892 based on the allegedly untimely payment of the underlying property damage claim.[21] On December 11, 2024, defense counsel responded and provided certified mail tracking

---

[12] R. Doc. 30-4 at p. 4.
[13] *Id.* at p. 5. This District created a Streamlined Settlement Program for Hurricane Ida cases. McClenny, Mosely & Associates ("MMA"), a Texas firm now in bankruptcy, represented or purported to represent many claimants whose homes were damaged in Hurricane Ida. MMA forfeited whatever right it may have had in fees in cases in this District before it declared bankruptcy.
[14] R. Doc. 30-4 at pp. 11-18.
[15] R. Doc. 30-5 at p. 1.
[16] *Id.*
[17] *Id.* at p. 2.
[18] *Compare* R. Doc. 30-1 at p. 4, ¶ 13, *with* R. Doc. 33-1 at p. 3, ¶ 13.
[19] R. Doc. 30-5 at p. 2.
[20] *Id.* at p. 3.
[21] *Id.* at pp. 4-7.

documentation reflecting that the checks were mailed to defense counsel on November 20, 2024.[22]

All four checks were endorsed by the Plaintiff, deposited, and posted as paid by January 18, 2025.[23] However, Plaintiffs did not execute the finalized Receipt, Release, Indemnity, and Confidentiality Agreement until May 15, 2025.[24]

## II. Procedural Background of The Instant Action.

On March 7, 2025, Plaintiffs filed a Petition for Damages in the 24th Judicial District Court alleging that Defendant was subject to statutory penalties under La. R.S. § 22:1892 for failing to timely remit settlement proceeds.[25] Defendant removed the action to the Eastern District of Louisiana on April 16, 2025.[26]

On May 22, 2025, Defendant filed an Answer and Counterclaims for breach of contract, unjust enrichment, waiver and estoppel, and breach of confidentiality.[27] Plaintiffs moved to dismiss the counterclaims pursuant to Rule 12(b)(6).[28] In response, Defendant requested and was granted leave to amend and filed its First Amended and Supplemental Answer and Counterclaims.[29] The Court denied Plaintiffs' first Motion to Dismiss without prejudice.[30] Plaintiffs subsequently filed a second Motion to Dismiss.[31]

In its December 31, 2025 Order, the Court granted the motion to dismiss in part and denied it in part.[32] The Court held that Defendant sufficiently pleaded the existence

---

[22] R. Doc. 30-5 at pp. 8-11.
[23] *Compare* R. Doc. 30-1 at pp. 6-7, ¶¶ 22-23, *with* R. Doc. 33-1 at pp. 3-4, ¶¶ 22-23.
[24] R. Doc. 30-6 at pp. 11-16.
[25] R. Doc. 1-1.
[26] R. Doc. 1.
[27] R. Doc. 9.
[28] R. Doc. 11.
[29] R. Doc. 15.
[30] R. Doc. 16.
[31] R. Doc. 18.
[32] R. Doc. 27.

4

and alleged breach of a binding settlement agreement under Louisiana law and denied dismissal of the breach of contract counterclaim.[33] The Court held that the breach of confidentiality counterclaim was duplicative of the breach of contract claim.[34] The Court dismissed the unjust enrichment claim because the existence of a viable contract remedy precluded recovery under that theory.[35] The Court concluded that waiver and estoppel constituted affirmative defenses rather than independent causes of action and declined to address their sufficiency at the motion-to-dismiss stage.[36] Accordingly, the only remaining claims are Defendant's counterclaim for breach of contract and Plaintiffs' claim for bad-faith penalties under La. R.S. 22:1892.

In the instant motion, Defendant seeks summary judgment on Plaintiff's claims for statutory penalties and attorneys' fees under La. R.S. § 22:1892, arguing there are no genuine disputes of material fact and it is entitled to judgment as a matter of law.[37] In opposition, Plaintiffs argue genuine disputes of material fact preclude summary judgment, that Defendant is not entitled to judgment as a matter of law, and the motion for summary judgment is premature.[38] Plaintiffs further request the Court defer ruling on the motion for summary judgment and permit limited discovery pursuant to Federal Rule of Civil Procedure 56(d) concerning Defendant's post-settlement actions and conduct.[39]

## LEGAL STANDARD

### III. Rule 56(d) Standard

Summary judgment is appropriate when a movant shows there is no genuine

---

[33] R. Doc. 27 at pp. 5-7.
[34] *Id.* at p. 11.
[35] *Id.* at pp. 8-9.
[36] *Id.* at pp. 9-10.
[37] R. Doc. 30.
[38] R. Doc. 33.
[39] *Id.* at pp. 9-10.

5

dispute as to any material fact and that the movant is entitled to judgment as a matter of law.[40] The basic principles of summary judgment assume at least some discovery has occurred.[41] When a party moves for summary judgment and the nonmoving party is unable to produce admissible evidence to oppose the motion, Federal Rule of Civil Procedure 56(d) requires that summary judgment be postponed if the nonmovant has not had the opportunity to discover information that is essential to his opposition.[42] Rule 56(d) allows the nonmovant to request additional time to conduct discovery and to request that the court defer deciding the motion for summary judgment.[43] A court may also issue any other order that it finds appropriate to the situation.[44]

There are four main requirements in a Rule 56(d) motion to defer summary judgment pending discovery. The party seeking additional discovery must meet all four requirements. The first two pertain to the timing of the motion. A party must (1) request extended discovery prior to the court's ruling on summary judgment and (2) put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought.[45] The Fifth Circuit has held that a party specifying intended subject matter in requests for supplemental depositions and in document requests suffices to put a court on notice, provided the requests relate directly to the pending summary judgment motion.[46]

---

[40] Fed. R. Civ. P. 56(a); *Public Citizen Inc. v. Louisiana Attorney Disciplinary Bd.*, 632 F.3d 212 (5th Cir. 2011).
[41] *City of Alexandria v. Cleco Corp.*, 735 F. Supp. 2d 465, 470 (W.D. La. 2010) (citing *Brown v. Mississippi Valley State University*, 311 F.3d 328 (5th Cir. 2002)).
[42] *City of Alexandria v. Cleco Corp.*, 735 F. Supp. 2d 465, 470 (W.D. La. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986))(emphasis added).
[43] Fed. R. Civ. P. 56(d)(1)-(2).
[44] Fed. R. Civ. P. 56(d)(3).
[45] *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).
[46] *Id.*

With respect to the third requirement, the nonmovant must demonstrate to the court with reasonable specificity how the requested discovery pertains to the pending summary judgment motion. A nonmovant must identify with specificity a fact or facts that will likely reveal a genuine material fact dispute and how proposed discovery will likely lead to evidence regarding that triable fact. The discovery requested must relate to the issues to be adjudicated by summary judgment,[47] and the party must show how that discovery will create a genuine issue of material fact.[48] Finally, the fourth requirement is that the party requesting discovery must have been diligent in pursuing the relevant discovery.[49]

With respect to both the third and fourth requirements, a party's failure to either allege with specificity how further discovery will reveal genuine issues of material facts or prove its diligence in seeking discovery is fatal to a request for continuance of discovery. A party cannot extend discovery or avoid summary judgment by merely alleging additional discovery is needed.[50] Parties may not "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[51] A party must show how the additional discovery will produce information as well as why that information will create a genuine issue of material fact. The Fifth Circuit has analyzed the "reasonable specificity" requirement for a continuance pending discovery by examining how the requested discovery will influence the outcome of a pending summary judgment motion, holding that a plaintiff's failure to indicate how facts sought in further discovery

---

[47] *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).
[48] *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).
[49] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)
[50] *Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 333 n. 5 (5th Cir. 2002).
[51] *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006).

will prove the plaintiff's burden fails the reasonable specificity standard.[52]

Additionally, a party must be diligent in the discovery process to succeed on a motion for additional time to conduct discovery. The two dates of concern in the diligent discovery analysis are the end of the discovery period and the deadline to oppose summary judgment motions. The Fifth Circuit has provided some guidance for assessing a non-moving party's diligence in seeking discovery by distinguishing between cases in which a nonmoving party's delay in propounding discovery requests results in document production deadlines occurring after the due date for responses to summary judgment,[53] and delays which, while not desirable, result in document production being due before the deadline to oppose summary judgment motions.[54] The Fifth Circuit has allowed additional discovery when plaintiffs filed their document requests more than two months before the end of the discovery period and roughly six weeks in advance of the deadline to oppose the summary judgment motion.[55] Finally, a non-moving party must request extended discovery prior to the court's ruling on summary judgment and put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought.[56]

## IV.    Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[57] "An issue is material if its resolution could affect the outcome of the action."[58]

---

[52] *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).
[53] *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005).
[54] *Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006).
[55] *Id.*
[56] *Wichita Falls Off. Assocs. v. Banc One Corp.* 978 F.2d 915, 919 (5th Cir. 1992).
[57] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[58] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[59] All reasonable inferences are drawn in favor of the nonmoving party.[60] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[61]

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[62] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[63]

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[64] When proceeding under the

---

[59] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).
[60] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[61] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[62] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[63] *Celotex*, 477 U.S. at 322-24.
[64] *Id.* at 331-32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322-24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's

first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[65] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[66] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[67] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[68] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for

---

claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[65] *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).
[66] *Celotex*, 477 U.S. at 332-33.
[67] *Id.*
[68] *Id.* at 332-33 & n.3.

trial."[69]

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[70]

## LAW AND ANALYSIS

### V.  Defendant did not act arbitrarily, capriciously, or without probable cause and is not liable for statutory penalties.

Defendant seeks summary judgment denying Plaintiffs' claim for statutory penalties and attorneys' fees under La. R.S. § 22:1892, arguing there are no genuine issues of material fact, and it is entitled to judgment as a matter of law.[71]

To obtain summary judgment, Defendant as the moving party must demonstrate "that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."[72] Because Plaintiffs bear the burden at trial of proving untimely payment and that the insurer's conduct was arbitrary, capricious, or without probable cause under La. R.S. § 22:1892, Defendant may satisfy its summary judgment burden by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[73]

---

[69] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[70] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (first citing *Celotex*, 477 U.S. at 324; then *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); then quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).
[71] R. Doc. 30.
[72] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[73] *Celotex*, 477 U.S. at 331-32.

11

Plaintiffs argue the settlement on the underlying property damage claim was reduced to writing on October 28, 2024, when Defendant accepted Defendant's monetary demand by email, thereby triggering the statutory 30-day period, but payment was not received until December 3, 2024—thirty-six days later.[74] Plaintiffs contend Defendant did not have the right to unilaterally suspend or delay the commencement of the statutory deadline by requesting additional information post-acceptance, specifically information regarding MMA, which Plaintiffs characterize as nonessential information not necessary for payment.[75]

In further support, Plaintiffs note that, in response to Plaintiffs' initial demand letter, defense counsel acknowledged that "settlement in this matter was not effectuated until October 29, 2024," and further agreed that "[p]er La. R.S. [§] 22:1892, payment was required to be made by November 28, 2024."[76] Plaintiffs maintain the statute contains no provision permitting an insurer to toll or reset the deadline by requesting additional, nonessential information post-acceptance—such as confirmation regarding Plaintiffs' representation by MMA.[77]

Plaintiffs argue Defendant possessed all the information necessary to issue payment as of October 28, 2024, and that any delay beyond that date was self-imposed.[78] Plaintiffs assert there are factual disputes regarding when the settlement agreement was finalized and whether the additional information was necessary for the checks to issue.[79] Plaintiffs also argue Defendant is not entitled to judgment as a matter of law under the

---

[74] R. Doc. 33 at pp. 4-5.
[75] *Id.* at p. 6.
[76] *Id.* at p. 5.
[77] *Id.* at p. 6.
[78] *Id.* at p. 7.
[79] *Id.* at pp. 6-10.

plain language of the statute.[80]

Defendant argues the 30-day period did not begin to run until November 5, 2024, because the agreement was expressly conditioned on receipt of specific information necessary to issue the settlement checks, including confirmation regarding lienholders, any potential third-party interests, and the required payee information.[81] Defendant relies on the October 28, 2024 email in which defense counsel stated that the 30-day period would not begin to run until the requested information was received, as the checks could not be issued without it.[82]

Plaintiffs' counsel responded to the email on October 29, 2024, stating "[o]ur clients accept . . . Britt will send you all the check information."[83] Minutes later, Brittany Roy, a paralegal working for Plaintiffs' counsel, provided some of the requested information, stating: "[P]lease issue the settlement checks as follows: "Payable to 'Joseph O'Shea and Deborah O'Shea & Montiel Hodge, LLC.'"[84] She further confirmed that "[t]here is no mortgage" and attached the firm's W-9.[85] However, on October 30, 2024, defense counsel requested confirmation that Plaintiffs had never been represented by MMA, explaining that additional release language would be required if MMA had represented them.[86] That confirmation was not provided until November 5, 2024.[87]

Defendant argues the commencement of the 30-day period was expressly conditioned on its receipt of the requested information and that, because the information

---

[80] R. Doc. 33 at pp. 6-10.
[81] R. Doc. 30-3 at pp. 1-2
[82] R. Doc. 30-4 at p. 1.
[83] *Id.* at p. 2.
[84] *Id.* at p. 3.
[85] *Id.* at p. 3.
[86] *Id.* at p. 4.
[87] *Id.* at p. 5.

was not fully provided until November 5, 2024, the checks received on December 3, 2024 were timely.[88] Accordingly, Defendant contends the settlement amount was paid within 30 days of the agreement being reduced to writing, and it is entitled to judgment as a matter of law on Plaintiffs' claim for penalties, including attorneys' fees.[89] Alternatively, the Defendant argues it was not acting arbitrarily, capriciously, or without probable cause when it requested confirmation the Plaintiffs had not been represented by MMA.

La. R.S. § 22:1892 provides for penalties and attorneys' fees when an insurer fails to timely pay a settlement amount *and* the failure to pay is arbitrary, capricious, and without probable cause.[90] The statute provides that "failure to make the payment within thirty days after written agreement or settlement when the failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty."[91] To recover penalties under the statute, the insured bears the burden of proving that (1) the insurer failed to timely pay the settlement amount, and (2) that the failure was arbitrary, capricious, or without probable cause.[92] "Ultimately, the determination of whether an insured acted in bad faith depends on the facts and circumstances of a particular case."[93]

The Louisiana Supreme Court has recognized that the phrase "arbitrary, capricious, or without probable cause" is synonymous with "vexatious," meaning unjustified and without reasonable cause or excuse.[94] Whether an insurer was "arbitrary, capricious, or without probable cause" in failing to pay within the statutory period is

---

[88] R. Doc. 30-3 at pp. 17-19.
[89] *Id.* at pp. 18-19.
[90] La. R.S. § 22:1892(B)(1)(a).
[91] *Id.*
[92] *Bridges v. Chubb Indemnity Insurance Company*, 420 So.3d 71, 80 (La. Ct. App. 5th Cir.).
[93] *Bainbridge, LLC v. Western World Insurance Company*, 682 F.Supp.3d 634, 638 (E.D. La.).
[94] *First United Pentecostal Church*, 119 F.4th at 427-28 (quoting *Louisiana Bag Co., Inc.*, 999 So.2d at 1114)); *Reed v. State Farm Mut. Automobile Insur. Co.*, 2003-0360 (La. 12/3/03), 857 So.2d 1012.

14

generally a factual issue that hinges on the facts known to the insurer at the time of its action.[95] An insurer's conduct will not be considered "arbitrary and capricious" if the conduct is based on a reasonable, good-faith justification.[96]

Defendant seeks summary judgment on the ground that its conduct was not arbitrary, capricious, or without probable cause.[97] To satisfy its initial summary-judgment burden on this argument, Defendant has elected to produce affirmative evidence—a sworn affidavit and emails between the parties—to show that Plaintiffs cannot establish an essential element of their claim: that Defendant's conduct was arbitrary, capricious, or without probable cause.[98]

The Court finds Defendant has met its burden of providing summary-judgment evidence reflecting a documented, good-faith effort to finalize and fund the settlement. To meets its burden, Defendant provided a sworn affidavit from its Claims Examiner, Shelley Andrews, as well as emails between the parties.[99] Starting with the Affidavit, Ms. Andrews attests to the facts known to the insurer when the conduct at issue occurred and explains the basis for the timing of payment of the settlement checks.[100] According to her Affidavit, Defendant authorized acceptance of Plaintiffs' demand on October 28, 2024; was informed of Plaintiffs' acceptance and payee instructions on October 29, 2024; received confirmation on November 5, 2024 that there were no additional lienholders (no representation by MMA) and approval of the proposed split of the settlement amount into separate checks; and thereafter requested issuance of four settlement checks through

---

[95] *Reed v. State Farm Mut. Automobile Insur. Co.*, 2003-0360 (La. 12/3/03), 857 So.2d 1012, 1021.
[96] Calogero, 753 So.2d 170.
[97] R. Doc. 30-3 at pp. 22-25.
[98] *Id.* at pp. 22-24.
[99] R. Doc. 30-6 at pp. 1-10, pp. 17-19; R. Doc. 30-4 at pp. 1-5; R. Doc. 30-5 at p. 2, pp. 12-16.
[100] *Id.* at pp. 17-19.

Defendant's accounting department on November 13, 2024.[101] The checks were issued on November 19, 2024, mailed by certified mail on November 20, 2024, and delivered to Defendant's own counsel on December 3, 2024.[102] Plaintiffs' counsel retrieved the checks that same day. Defendant's payment records reflect that Plaintiffs endorsed and deposited all checks by January 21, 2025.[103]

The emails corroborate that timeline and reflect consistent, documented communication by defense counsel: promptly memorializing the settlement agreement; requesting the information necessary to issue checks; transmitting proposed settlement documents; confirming the checks were delivered to Plaintiffs' counsel immediately when they arrived; and following up regarding execution of the release.[104] This documented progression demonstrates a structured and orderly payment process and does not support a finding of bad faith. Defendant had a reasonable, good faith basis to confirm the absence of any lienholder or potential attorneys' special privileges before issuing payment.

Defendant has met its initial burden at summary judgment by providing affirmative evidence negating an essential element of Plaintiffs' claim—specifically, that Defendant's conduct was arbitrary, capricious, or without probable cause. The burden accordingly shifts to Plaintiffs to identify specific, competent evidence creating a genuine dispute of material fact. Plaintiffs have failed to do so. In fact, Plaintiffs produced no evidence suggesting any pretext, delay tactics, or unjustified refusal to pay by Defendant. Because Plaintiffs failed to produce any evidence creating a disputed issue of material fact concerning the Defendant's bad faith conduct, no reasonable factfinder could conclude

---

[101] R. Doc. 30-6 at pp. 17-18.
[102] *Id.* at pp. 18-19.
[103] *Id.* at p. 19.
[104] R. Doc. 30-4 at pp. 1-5; R. Doc. 30-5 at pp. 2, 13-16; R. Doc. 30-6 at pp. 1-10.

that Defendant acted arbitrarily, capriciously, or without probable cause.

Finally, Plaintiffs request the Court defer ruling on the Defendant's Motion for Summary Judgment and permit limited discovery concerning issues raised in the motion.[105] Under Federal Rule of Civil Procedure 56(d), the Court may allow the nonmovant additional time to take discovery if the nonmovant shows that "for specified reasons, it cannot present facts essential to justify its opposition." Plaintiffs argue the requested discovery is essential because it will allow them to support their opposition to the motion by showing there are material facts in dispute, including: (1) when "payment" or "tender" occurred for purposes of La. R.S. § 22:1892; (2) whether Defendant in fact relinquished possession and control of the settlement funds upon mailing the checks to its own counsel; (3) whether any delay in payment was justified or instead attributable to Defendant's internal procedures, discretionary approval steps, or post-acceptance inquiries; and (4) whether Defendant's asserted "trigger date" for compliance with the statute is supported by its internal records.[106]

The Court finds that Plaintiffs have not met their burden under Federal Rule of Civil Procedure 56(d). Although Plaintiffs identify categories of internal workflow records, timestamps, approval logs, and decision-maker testimony they seek to obtain, and articulate why they believe such discovery is relevant to issues of "tender," control, and alleged delay under La. R.S. § 22:1892, the Court is not persuaded that the requested discovery would alter the outcome of the pending Motion for Summary Judgment. Even accepting Plaintiffs' description of the anticipated evidence, the material facts concerning the timing of issuance, mailing, and receipt of the settlement checks are established by

---

[105] R. Doc. 33 at pp. 9-10.
[106] R. Doc. 33-4 at p. 3.

17

the existing record. Plaintiffs have not demonstrated how additional testimony regarding internal routing decisions, approval steps, or inquiries regarding lienholders would create a genuine dispute as to whether Defendant timely mailed the checks or complied with its statutory obligations under La. R.S. § 22:1892.

Further, Plaintiffs' Rule 56(d) request is denied because Plaintiffs have failed to satisfy the rule's requirements of diligence and specificity.[107] Defendant notes that Plaintiffs filed suit in March 2025 yet conducted no written discovery and noticed no depositions during more than ten months of litigation.[108] The only discovery effort—a corporate deposition notice—was served five days after Defendant filed its Motion for Summary Judgment.[109] Defendant contends that Plaintiffs had ample opportunity to pursue discovery, that a party suspends discovery at their own risk, and that Plaintiffs' delay defeats their request for deferment.[110] the Court finds that Plaintiffs have not demonstrated diligence in pursuing discovery. This action has been pending since March 2025, yet Plaintiffs served no written discovery and noticed no depositions during the ensuing ten months. The only discovery effort—a corporate deposition notice—was issued five days after Defendant filed its Motion for Summary Judgment. Rule 56 does not require that discovery be completed before summary judgment may be granted, and a party who elects to forgo timely discovery does so at its own risk. On this record, any inability to present additional evidence is attributable to Plaintiffs' delay rather than to circumstances beyond their control. Accordingly, Plaintiffs have not satisfied the requirements of Rule 56(d), and their request to defer or deny consideration of the Motion

---

[107] R. Doc. 34 at pp. 5-8.
[108] *Id.* at p. 5.
[109] *Id.*
[110] *Id.*

for Summary Judgment is denied.

Defendant is entitled to judgment as a matter of law that Plaintiffs are not entitled to penalties under La. R.S. § 22:1892.[111]

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**. [112]

**New Orleans, Louisiana, this 27th day of February, 2025.**

									_____
									**SUSIE MORGAN**
									**UNITED STATES DISTRICT JUDGE**

---

[111] Because the Court finds the Defendant did not act arbitrarily, capriciously, or without probable cause, the Court need not address whether the mailbox rule applies.

[112] Defendant's counterclaim for breach of contract remains.