**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSEPH O'SHEA, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  25-750** |
| **OCEAN HARBOR CASUALTY**<br>**INSURANCE COMPANY,**<br>    **Defendant** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is a motion for entry of final judgment under Rule 54(b) filed by Plaintiffs Joseph O'Shea and Deborah O'Shea.[1] For the reasons set forth below, Plaintiffs' motion is **DENIED**.

## BACKGROUND

On February 27, 2026, the Court granted Ocean Harbor Casualty Insurance Company's motion for summary judgment finding it is not liable for statutory penalties, including attorneys' fees, under La. R.S. 22:1892.[2]

## DISCUSSION

The Plaintiffs move pursuant to Rule 54(b), requesting the Court certify as a final judgment the Court's Order and Reasons granting summary judgment in favor of Ocean Harbor Casualty Insurance Company. Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the

---

[1] R. Doc. 45.
[2] R. Doc. 37.

1

claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[3]

When ruling on a Rule 54(b) motion, the Court "must first determine that it is dealing with a 'final judgment'" meaning the order is the ultimate disposition upon a cognizable claim for relief.[4] Then, the Court must determine whether there is any just reason for delay, weighing "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other."[5] When engaging in this balancing, the Court should consider whether the claims in the case are "separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[6]

Rule 54(b) certification is the exception, not the rule. The Fifth Circuit has repeatedly emphasized that such certification should be granted only in certain exceptional cases to avoid piecemeal appeals and conflicting rules.[7]

After weighing the appropriate factors, the Court finds certification is inappropriate in this case. Certifying the Court's order as a final judgment carries a significant risk of piecemeal review. The O'Sheas fail to convince the Court that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."[8] The possibility that entry of a Rule 54(b) final judgment on the

---

[3] Fed. R. Civ. P. 54(b).

[4] *Williams v. Traylor-Massman-Weeks, LLC*, 2011 WL 4959365, \*1 (E.D. La. Oct. 18, 2011) (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980)) (internal quotations omitted).

[5] *Rd. Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

[6] *Curtiss-Wright Corp.*, 466 U.S. at 8.

[7] *See*, e.g., Eldredge v. Martin Marietta Corp., 207 F.3d 737, 740 (5th Cir. 2000).

[8] *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

Court's granting of Ocean Harbor Casualty Insurance Company's summary judgment will produce piecemeal review outweighs any potential danger of denying justice by delay.

## CONCLUSION

**IT IS ORDERED** that the O'Shea's motion for entry of final judgment under Federal Rule of Civil Procedure 54(b) is **DENIED.**[9]

**New Orleans, Louisiana, this 24th day of March, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. 45.